UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Kurtz,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Haster Law Office, P.A.,<br><br>　　　　　Defendant. | Court File No.: _____<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

## PARTIES

1. John Kurtz is a natural person who lives in St. Louis Park and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. Haster Law Office is a debt collection law firm incorporated in the state of Minnesota with a registered office address of 6640 Shady Oak Road, Suite 340, Eden Prairie, MN 55344.

3. According to its website, HLO is a "creditors' remedies law firm representing a variety of credit clients ranging from corporations to individuals. Among other clients, HLO services banks, retail vendors, lending institutions, credit card issuers and debt buyers."

4. Because HLO regularly collects consumer debts it is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

## JURISDICTION

5. Jurisdiction arises under 28 U.S.C. § 1331 and under 15 U.S.C. § 1692k(d).

6. Venue is proper in this district because the acts and transactions occurred here, Kurtz lives here, and HLO conducts business here.

## FACTUAL ALLEGATIONS

7. Kurtz incurred an obligation with U.S. Bank that was used primarily for personal, family, or household purchases.

8. The U.S. Bank obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9. U.S. Bank apparently assigned Kurtz's obligation to a debt purchasing company, Riverwalk Holdings, LTD.

10. Riverwalk hired HLO to attempt to collect the obligation from Kurtz.

11. On or about September 9, 2009, HLO served Kurtz with a collection lawsuit on behalf of Riverwalk.

12. After learning about the lawsuit, Kurtz who was on active duty military service in Iraq, hired an attorney to represent him.

13. Kurtz's attorney wrote a letter to HLO, dated September 21, 2009, notifying HLO that he represented Kurtz and that Kurtz was on active military duty.

14. In response to this letter, HLO agreed to stay all litigation activity until Kurtz returned from active duty.

15. On or before May 17, 2013, after Kurtz had returned from active military duty, he was contacted directly by HLO.

16. During the phone call, Kurtz told HLO's representative that he was represented by an attorney and that HLO should deal directly with his attorney. Kurtz offered to provide his attorney's phone number to HLO's representative.

17. Despite knowing that Kurtz was represented by counsel, HLO's representative asked Kurtz if he was interested in a settlement and proposed a 50% reduction of the balance. Therefore, the May of 2013 phone call was a communication as defined by 15 U.S.C. § 1692a(2).

18. On May 31, 2013, HLO sent Kurtz a letter. The letter showed a balance due of $18,171.82 and offered to settle for 60% of the balance due. Therefore, the letter was a communication as defined by 15 U.S.C. § 1692a(2).

## Summary

19. By contacting Kurtz directly when it knew he was represented by an attorney and by continuing to communicate with him after he reiterated that he was represented, HLO violated 15 U.S.C. § 1692c(a)(2).

## Respondeat Superior Liability

20. The acts and omissions of HLO's collector were committed within the time and space limits of his agency relationship with HLO.

21. The acts and omissions by HLO's collector were incidental to, or of the same general nature as, the responsibilities he was authorized to perform by HLO.

22. By committing these acts and omissions, HLO's collector was motivated to benefit HLO.

23. Therefore, HLO is liable to Kurtz through the doctrine of respondeat superior.

## JURY TRIAL

24. Kurtz requests a jury trial. U.S. Const. amend. VII. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### Count I – Violations of the Fair Debt Collection Practices Act

25. Kurtz repeats the preceding allegations.

26. HLO's attempts to collect a debt from Kurtz violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., specifically sections 1692(a)(2).

27. As a result of HLO's FDCPA violations, Kurtz is entitled to statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

Kurtz requests that judgment be entered against HLO:

1. For statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(A).

2. For the costs of litigation and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

                                  **FRIEDMAN IVERSON, PLLC**

Date: September 23, 2013

                                  *s/ Todd Murray*

                                  Todd Murray (#347462)
                                  David Friedman (#390796)
                                  Attorneys for Kurtz
                                  509 1st Ave NE, Suite 2
                                  Minneapolis, MN 55413
                                  todd@friedmaniverson.com
                                  david@friedmaniverson.com
                                  (612) 564-4025 (phone)
                                  (612) 392-7979 (fax)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

John Kurtz, being sworn, states that:

1. I'm the Plaintiff in this case.

2. I've read this complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge.

3. I believe that this complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this complaint is not being brought for any improper purpose, such as to harass the Defendant, cause unnecessary delay, or create a needless increase in the cost of litigation to the Defendant.

5. I've filed this complaint in good faith and solely for the purposes set forth in it.

Date: September 23, 2013      *s/ John Kurtz*
                              _____
                              John Kurtz

Subscribed and sworn to before me
this 23rd day of September, 2013

*s/ Todd Murray*
_____
Notary Public